IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| KATHY L. FEDERICO, et al., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Case No. 08-44C (Judge Marian Blank Horn) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY AND SUPPLEMENTAL AUTHORITY**

On July 8, 2008, the Court convened a telephone conference call in the instant case with the parties to discuss certain issues related to defendant's pending motion for judgment on the pleadings. An issue raised in the course of such telephone conference call concerned the existence of certain facts supporting plaintiffs' complaint.

In further consideration of the Court's inquiry, plaintiffs have concluded that the Supreme Court's decision in Scheuer v. Rhodes, 416 U.S. 232 (1974), should be of assistance to the Court in the course of its deliberations regarding defendant's pending motion for judgment on the pleadings. In Scheuer v. Rhodes, supra at 236, the Supreme Court declared as follows:

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.

> "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

It must be recalled that this lawsuit initially involved the claim that the plaintiffs had been wrongfully treated by defendant as exempt from the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), and that upon a determination that they were mistakenly treated as exempt, FLSA back wages would flow therefrom. Thus, the claim for back wages for home/work driving is simply part of the plaintiffs' claimed back pay owed resulting from defendant's wrongful treatment of them as FLSA exempt, which defendant has agreed was mistaken, and which recently has been corrected.

Here, the complaint itself declares that the overtime back pay sought includes "but are not limited to hours during which the defendant and its officers and agents directed and/or suffered or permitted plaintiffs to work without paying them any compensation whatsoever, including travel, training and other work performed by plaintiffs on defendant's behalf." Complaint, p. 4. Plaintiffs believe that the foregoing reference satisfies any need for further elaboration of facts relating to the nature of their driving claims at this stage of this proceeding. Accordingly, plaintiffs submit that their complaint is clearly entitled to survive defendant's motion for judgment on the pleadings.

For the foregoing reasons, it is respectfully requested that the Court grant the instant motion for leave to file supplemental authority and supplemental authority.

Respectfully submitted,

**s/Jules Bernstein**

Jules Bernstein (Counsel of Record)
Bernstein & Lipsett, P.C.
1920 L Street, N.W.
Suite 303
Washington, D.C. 20036
(202) 296-1798

OF COUNSEL:
Linda Lipsett

Edgar James
James & Hoffman
1101 17th Street, N.W.
Suite 510
Washington, D.C. 20036
(202) 496-0500

Attorneys for Plaintiffs

Dated: July 9, 2008

**CERTIFICATE OF FILING**

I hereby certify under penalty of perjury that on this 9th day of July 2008, a copy of the foregoing "PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY AND SUPPLEMENT AUTHORITY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Jules Bernstein**